FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: GIGA WATT INC., <br>     Debtor. <br> _____ <br> JUN DAM, <br>     Appellant, <br>     v. <br> MARK D. WALDRON, Chapter 7 Panel Trustee, <br>     Appellee. | No. 2:25-CV-00077-SAB <br><br> **ORDER OF DISMISSAL** |

Before the Court is Appellant's Notice of Appeal, ECF No. 1. Appellant is pro se. Appellee is represented by Pamela Egan.

## BACKGROUND

On January 30, 2025, the Bankruptcy Court issued an order denying Appellant's motion for relief from the automatic stay (the "First Order"). On January 31, 2025, Appellant filed an amended motion for relief from the automatic stay that failed to address the First Order's substantive rulings. On February 14, 2025, the Bankruptcy Court issued an order (the "Second Order") denying the amended motion, finding that (1) the First Order was final and appealable, but Dam did not appeal it, (2) the First Order is the law of the case, and (3) the amended was not a motion for reconsideration because it did not address the substantive rulings in the First Order.

On March 6, 2025, Appellant filed his Notice of Appeal in the U.S. District

**ORDER OF DISMISSAL** #1

Court for the Eastern District of Washington, seeking to overturn the Second Order. On April 9, 2025, this Court issued an Order to Show Cause, directing appellant to provide briefing as to why the appeal should not be dismissed with prejudice for failure to comply with Federal Rule of Bankruptcy Procedure 8002(a)(1).

## LEGAL FRAMEWORK

A notice of appeal of a bankruptcy order must be filed within 14 days after the order is entered. Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court may extend the deadline to file an appeal if the appellant (1) files a motion to extend the deadline within 35 days of the order and (2) demonstrates excusable neglect. Fed. R. Bankr. P. 8002(d).

## ANALYSIS

Here, the appeal is untimely under Federal Rule of Bankruptcy 8002(a)(1). The Bankruptcy Court found that Appellant's amended motion was not substantively different from the first, and thus the First Order was final, appealable, and the law of the case. Appellant cannot now appeal the Second Order to circumvent the applicable deadlines, absent leave of the Bankruptcy Court, and there is nothing in the record to indicate the Bankruptcy Court extended the deadlines.

Accordingly, **IT IS HEREBY ORDERED**

1. Appellee's Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction (Standing and Mootness) and as Collateral Attack, ECF No. 8, is **DISMISSED AS MOOT**.

2. Appellee's Motion for Judicial Notice, ECF No. 9, is **DISMISSED AS MOOT**.

//
//
//

**ORDER OF DISMISSAL #**2

3.     Appellant's Appeal of the Bankruptcy Court's decision, ECF No. 1, is DENIED for lack of subject matter jurisdiction.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to pro se Appellant and appellee counsel, and **close** the file.

**DATED** this 30th day of April 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER OF DISMISSAL #3**