FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: GIGA WATT INC.,<br>Debtor. | No. 2:25-CV-00077-SAB |
| JUN DAM,<br>Appellant,<br>v.<br>MARK D. WALDRON, Chapter 7 Panel Trustee,<br>Appellee. | **ORDER ON PENDING MOTIONS** |

Before the Court are Appellant's Motions for Reconsideration and to Stay Proceedings, ECF Nos. 14 and 21, as well as Appellee's Motions for Order to Show Cause and for Judicial Notice, ECF Nos. 18 and 19. Appellant is pro se. Appellee is represented by Pamela Egan. The motions were considered without oral argument.

## BACKGROUND

On March 6, 2025, Appellant filed a Notice of Appeal in the U.S. District Court for the Eastern District of Washington. On April 9, 2025, this Court issued an Order to Show Cause, directing appellant to provide briefing as to why the appeal should not be dismissed with prejudice for failure to comply with Federal

Rule of Bankruptcy Procedure 8002(a)(1). Appellant did not respond to the Show Cause Order, and the Court subsequently dismissed the case on May 1, 2025, for lack of subject matter jurisdiction due to Appellant's failure to comply with Rule 8002(a)(1).

On May 2, 2025, Appellant filed a Motion for Reconsideration of the Order of Dismissal. On May 12, 2025, Appellee filed a Motion for Order to Show Cause, and a related Motion for Judicial Notice. On May 20, 2025, Appellant filed a Motion to Stay Proceedings in this matter, pending the outcome of a related case on appeal before the Ninth Circuit. The Court shall address each Motion in turn.

**APPELLANT'S MOTION FOR RECONSIDERATION**

When determining whether reconsideration is appropriate, district courts look at whether (1) there is "newly discovered evidence"; (2) if it "committed clear error or the initial decision was manifestly unjust"; or (3) if "there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In the end, the decision is at the discretion of the district court. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Appellant moves the Court to reconsider its dismissal of this matter for lack of subject matter jurisdiction, contending that (1) the matter should not have been dismissed before he was afforded an opportunity to respond to Appellee's Motion to Dismiss and (2) this Court misapplied Rule 8002(a)(2).

As a preliminary matter, Appellant's argument regarding a response to Appellee's Motion to Dismiss falls flat: that motion was dismissed as moot because the Court found it did not have subject matter jurisdiction and thus neither the motion, nor a response from Appellant, was necessary. Moreover, Appellant's

Motion for Reconsideration does not present newly discovered evidence, cites to no binding authority that this Court committed a clear error, or that there has been an intervening case in controlling law. The motion is **denied**.

**APPELLANT'S MOTION TO STAY PROCEEDINGS**

District courts have an inherent power to control their dockets. *See U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008). This power includes the authority to stay proceedings when the moving party demonstrates that it would suffer a clear hardship or inequity if forced to proceed in the matter. *Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936).

Here, this matter was already dismissed due to this Court's lack of jurisdiction, the Court herein denied Appellant's Motion for Reconsideration, and the file thus remains closed. Appellant cannot possibly demonstrate a hardship or inequity in being forced to proceed considering that the matter has been dismissed and no further action has been requested by the Court. The motion is **denied**.

**APPELLEE'S MOTIONS**

District courts may sanction a litigant under 28 U.S.C. § 1927 when the party moving for sanctions demonstrates that the litigant acted in bad faith. *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990). Bad faith exists "when an *attorney* knowingly or recklessly raises a frivolous argument[] or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (emphasis added). In other words, for the purpose of sanctions under § 1927, a frivolous filing is automatically considered reckless and thus in bad faith, while a non-frivolous finding must be intended to harass in order to be found in bad faith. *Id*. In addition to § 1927, Federal Rule of Bankruptcy Procedure 8020 permits district courts to sanction a litigant for filing a bankruptcy appeal that the court determines is frivolous or for failing to comply with a court order. However, when a court finds that it lacks subject matter jurisdiction, that court is foreclosed from making rulings on the

merits of a case. *See Wages*, 915 F.2d at 1234.

Here, Appellee moves this Court to issue an order to show cause as to why Appellant should not be found in contempt and sanctioned pursuant to both 28 U.S.C. § 1927 and Rule 8020. Appellee contends that sanctions are appropriate because Appellant (1) defied this Court's Order to Show Cause, ECF No. 5, (2) made misrepresentations to the Court, and (3) submitted fabricated legal theory generated by artificial intelligence ("AI").

With regard to the Order to Show Cause, it is true Appellant failed to show cause, but the Court subsequently dismissed the matter in Appellee's favor, making it difficult to see how Appellant's conduct warrants sanctions. With regard to Appellant's alleged misrepresentations, the Court notes that Appellant is pro se and the filings appear to indicate a misunderstanding of the law as opposed to an attempt to mislead the Court; moreover, the Court has dismissed this matter for lack of subject matter jurisdiction and is thus foreclosed from reviewing the merits of the case. Finally, Appellee Contends that Appellant cited to cases for different legal holdings than what those cases actually stood for. Notably, there are no allegations that the cases were completely fabricated or otherwise "hallucinated" by AI, and the Court notes that even trained attorneys often cite to cases with the mistaken belief that the holding supports their assertion. Moreover, Appellant has already been declared a vexatious litigant by the Bankruptcy Court and subjected to substantial sanctions.

In light of this posture and Appellant's pro se status, the Motion for Order to Show Cause is **denied,** and the Motion for Judicial Notice is **dismissed as moot**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Appellant's Motions for Reconsideration and to Stay Proceedings, ECF Nos. 14 and 21, are **DENIED.**

2. Appellee's Motions for Order to Show Cause, ECF No. 18 is **DENIED.**

3. Appellee's Motion for Judicial Notice, ECF No. 19, is **DISMISSED AS MOOT.**

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to pro se Appellant, and keep the file **closed**.

**DATED** this 20th day of November 2025.




Stan Bastian
Chief United States District Judge